UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-CV-61902 - BLOOM

JEFFREY EMIL GROOVER,
individually and on behalf of all
others similarly situated,

        Plaintiff,

v.

U.S. CORRECTIONS, LLC;
PRISONER TRANSPORTATION
SERVICES, LLC; and JOHN DOES
1-100,

        Defendants.
_____/

### DECLARATION OF DAVID W. HALL IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

I, David W. Hall, declare as follows:

1. I am a founding partner of Hedin Hall LLP.  I manage the firm's San Francisco office.  My law practice is devoted primarily to class actions.  I have litigated a wide array of class actions at all stages in state and federal courts nationwide.  I have particular expertise in class action involving shareholder rights, data privacy, and consumer protection.

2. Before founding Hedin Hall LLP, I managed cases for the largest plaintiffs' firm in the United States, where I developed, *inter alia*, state court Securities Act and data privacy class action practices. Earlier in my legal career, I was privileged to serve as a judicial law clerk to the Honorable Irma E. Gonzalez in the United States District Court for the Southern District of California, one of the heaviest consumer and data privacy class action dockets in the country.  My responsibilities included civil and criminal trial dockets as well as panels of the United States Court of Appeals for the Ninth Circuit.  Highlights include countless rulings in consumer class action cases at all stages, a six-week, 40-defendant RICO trial, and a heavy patent litigation docket under the Patent Pilot Program.

3.      I am a graduate of the University of California, Hastings College of the Law, cum laude, and the New England Conservatory of Music. At Hastings, I received a number of writing and examination awards, earned several distinctions in Moot Court competition, served as a Staff Editor of the Hastings Business Law Journal, and worked as a Teaching Assistant in the Legal Writing & Research Department. During my final year, I was privileged to serve as a judicial extern to the Honorable Joyce L. Kennard of the California Supreme Court.

4.      Over the past eight years alone, my class action practice has recovered nearly $18 billion for aggrieved consumers and investors nationwide.  Notable examples include:

- *City of Sterling Heights General Employees' Retirement System v. Prudential Financial, Inc.*, (D. N.J.) ($33 million settlement for class of aggrieved investors);

- *Louisiana Municipal Police Employees' Pension Fund v. KPMG, LLP, et al.*, (N.D. Ohio) ($32.6 million settlement for class of aggrieved investors);

- *Cyan v. Beaver County Employees Retirement Fund*, (U.S. Supreme Court) (*Certiorari*, merits, and *amici* briefing in 9-0 victory for plaintiffs on issues of first impression related to concurrent jurisdiction, dual sovereignty, the Supremacy Clause, PSLRA, SLUSA, and the Securities Act removal bar)

- *Wiley v. Envivio, Inc., et al.*, (Cal. Sup. Ct., San Mateo Cnty.) (appointed class counsel in Securities Act class action; obtained $8.5 million settlement for class of aggrieved investors);

- *In re MobileIron Shareholder Litig.*, (Cal. Sup. Ct., Santa Clara Cnty.) ($7.5 million settlement for class of aggrieved investors);

- *In re Model N Shareholder Litig.*, (Cal. Sup. Ct., San Mateo Cnty.) ($8.55 million settlement for aggrieved class of investors);

- *Silverman v. Motorola, et al.*, (N.D. Ill.) (appointed lead class counsel in historic securities fraud action; achieved $200 million settlement for class of aggrieved investors);

- *United Food and Commercial Workers Union Local 880 v. Chesapeake Energy Corp., et al.*, (W.D. Okla.) (appointed lead class counsel in Securities Act class action; obtained several favorable precedent-setting decisions related to typicality, tracing, adequacy, materiality, and negative causation under the Securities Act of 1933);

- *Xiang v. Inovalon Holdings, Inc., et al.,* (S.D.N.Y.) (obtained several favorable precedent-setting decisions related to statute of limitations, falsity, causation, and materiality under the Securities Act of 1933);

- *Buelow v. Alibaba Group Holding Ltd., et al.*, (Cal. Sup. Ct., San Mateo Cnty.) (obtained several favorable precedent-setting decisions related to statute of limitations, the relation back doctrine, falsity, causation, and materiality under the Securities Act of 1933);

- *In re Herald, Primeo, and Thema Funds Sec. Litig.,* (S.D.N.Y.) ($62.5 million settlement for victims of Madoff Ponzi scheme);

- *In re Facebook Biometric Privacy Litig.*, (N.D. Cal.) (appointed class counsel in first-of-its-kind data privacy class action under the Illinois Biometric Information Privacy Act); and

- *In re: Volkswagen "Clean Diesel" Marketing, Sales Practices and Products Liability Litig.*, (N.D. Cal.) (worked with the Plaintiffs' Steering Committee to recover over $17 billion for class members and other stakeholders in connection with the Volkswagen diesel-cheating scandal).

I declare under penalty of perjury under the laws of United States that the foregoing is true and correct.  Executed on June 18, 2018, at San Francisco, California.

_____
DAVID W. HALL