IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-cv-61902-BB/Valle

JEFFREY EMIL GROOVER,
individually and on behalf of all
others similarly situated,

    Plaintiff,

v.

U.S. CORRECTIONS, LLC;
PRISONER TRANSPORTATION
SERVICES, LLC; and JOHN DOES
1-100,

    Defendants.
_____/

**DEFENDANT PRISONER TRANSPORTATION SERVICES, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER GRANTING IN PART DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant, Prisoner Transportation Services, LLC ("PTS"), by and through undersigned counsel, files this Response in Opposition to Plaintiff, Jeffrey Emil Groover's ("Plaintiff" or "Groover"), Motion for Reconsideration (the "Motion for Reconsideration") [D.E. 164] of the Order on Motion for Judgment on the Pleadings (the "Order") [D.E. 156] and states:

    **I.**    **Grounds for Motions for Reconsideration**

"Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Mierzwicki v. Citigroup, Inc.*, No. 14-cv-61753, 2015 WL 13388667, at *1 (S.D. Fla. Oct. 9, 2015) (quoting *Instituto de Prevision Militar v. Lehman Bros., Inc.*, 485 F. Supp. 2d 1340, 1342 (S.D. Fla. 2007) (internal citations omitted). "Arguments that were or

should have been raised in the first instance are not appropriate grounds for a motion for reconsideration. Moreover, a motion for reconsideration should not be used to reiterate arguments previously made: '[i]t is an improper use of the motion to reconsider to ask the Court to rethink what the Court already thought through—rightly or wrongly.' *Z.K. Marine, Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) If a motion for reconsideration merely submits previously rejected arguments, the motion should generally be denied." *Id.* (quoting *Sierra Equity Grp., Inc. v. White Oak Equity Partners, LLC*, 687 F. Supp. 2d 1322, 1324 (S.D. Fla. 2009) (quoting *Rueter v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 440 F. Supp. 2d 1256, 1268 (N.D. Ala. 2006) (noting that "motions to reconsider are not a platform to relitigate arguments previously considered and rejected"))). *See also Greenberg v. Bilotti*, No. 15-CIV-61730, 2016 WL 8673842 (S.D. Fla. Mar. 9, 2016).

Groover does not explicitly state which of the three grounds he relies upon for his Motion for Reconsideration, but states that it is necessary to "correct two errors of law," but appears to argue that reconsideration is justified "to correct clear error or manifest injustice." "[C]lear error or manifest injustice occurs where the Court 'has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.... Such problems rarely arise and the motion to reconsider should be equally rare.'" *Mierzwicki v. Citigroup, Inc.*, 2015 WL 13388667, at *1 (quoting *Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1292-93 (S.D. Fla. 2012)). As explained below, Groover's Motion for Reconsideration does not establish that the Court has committed any error, much less clear error, or that manifest injustice will result to Groover from the Court's Order.

2

## II. Plaintiff Does Not Have Standing for Injunctive Relief

The Motion for Reconsideration requests that the Court rethink what it has already considered in the Order, namely, that Groover has not adequately pled a claim for injunctive relief sufficient to confer standing on him because he "failed to allege that he faces a real and imminent threat of experiencing similar treatment or conditions when being transported from one prison to another in the future." (Order p. 13-14). Further, contrary to Groover's assertion, the Court did not misread the decision in *City of Los Angeles v. Lyons*, 461 U.S. 95, 110 (1983), which is binding law on the threshold question of Article III standing for injunctive relief at the pleading stage, despite the eloquent dissent by Justice Thurgood Marshall. *See Lyons*, 461 U.S. at 105-107 (Court reviewing Count V of the complaint and concluding that because there were no allegations that Lyons was likely to suffer future injury from the use of chokeholds by police and that, instead, the allegations related to an encounter in the past, Lyons did not allege an actual case or controversy sufficient to confer standing on him for injunctive relief as to future police conduct).

Plaintiff devotes nearly four pages of his Motion for Reconsideration (p. 1; 4 – 7) to the unremarkable proposition that standing is determined at the time of filing the original complaint. However, there is no dispute on that well-settled point of law. *See Focus on the Family v. Pinellas Suncoast Transit Authority*, 344 F. 3d 1263, 1275 (11th Cir. 2003) ("Article III standing must be determined as of the time at which the plaintiff's complaint is filed."), *citing Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOS), Inc.*, 528 U.S. 167, 180 (2000). Nowhere in PTS's Motion for Judgment, in PTS' Reply Memorandum in Support of Motion for Judgment on the Pleadings (the "Reply") [D.E. 78], or in the Order is there any argument or finding that

3

Plaintiff's standing should be determined when Plaintiff filed the First Amended Class Action Complaint (the "FAC") [D.E. 36], as opposed to when he filed the original complaint (the "Complaint") [D.E. 1].

Groover's argument is a red herring and entirely misses the point that Plaintiff has failed to *allege* – anywhere, in either the Complaint or FAC – that he will be transported by PTS or other defendants *in the future* and faces **real and imminent threat of injury** to himself by PTS or by other defendants' *conduct in the future.* Similar to *Lyons*, Plaintiff's allegations in both the Complaint and FAC concern only *past conduct and past events.* That is precisely what this Court found after reviewing the FAC for any allegations that would support Plaintiff's assertions set forth in his Response in Opposition to Prisoner Transportation Services, LLC's Motion for Judgment on the Pleadings (the "Response") [D.E. 77]. "Much like the respondent in *Lyons*, who did not establish a real and imminent threat of being illegally choked again, Groover failed to allege that he faces a real and imminent threat of experiencing similar treatment of conditions when being transported from one prison to another in the future. Although Groover's Response argues that such allegations are present in the Amended Complaint, he does not cite any such allegations and the Court sees none. As a result, the Court finds that Groover failed to demonstrate standing to seek injunctive relief against PTS." (Order, p. 13 – 14).[1]

In the Motion for Reconsideration, Groover goes far beyond the four corners of the FAC in attempting to explain that he satisfies the standing requirement because he may possibly be transported again in the future. (Motion, p. 6 – 7). These assertions are improper because they

---

[1] Groover merely alleges that he is incarcerated and that the Defendants' official policies, practices or customs have not changed. As the Court has correctly determined, those allegations of conjectural or hypothetical harm simply do not satisfy the requirement that he plead that he faces a "real and imminent threat" of suffering the same alleged harm in the future.

4

request that the Court to consider allegations that go far outside of the pleadings. *See Guarino v. Wyeth LLC*, 823 F. Supp. 2d 1289, 1291 (M.D. Fla. 2011) ("A motion for judgment on the pleadings is governed by the same standard as a Rule 12(b)(6) motion to dismiss."). Groover goes even further by attaching exhibits A – F to his Motion for Reconsideration which purport to demonstrate that PTS remains under contract with the Broward Sheriff's Office, and asking that the Court to take judicial notice of these documents. (Motion, p. 12). This too is entirely improper. The Court cannot not look to outside "evidence" proffered by Groover in considering the Motion for Reconsideration where a review of those documents would have been improper in deciding the Motion for Judgment in the first place. *See e.g. Horsley v. Feldt*, 304 F.3d 1125, 1136 (11th Cir. 2002) (Court will not consider matters outside the pleadings when passing on a motion for judgment on the pleadings). In any event, even if the Court were to consider Groover's extraneous assertions and improperly attached exhibits, his claim must still fail because they do not show that Groover faces imminent future harm or injury due to the alleged improper conduct of PTS. In fact, the extraneous evidence improperly adduced by Groover show the exact opposite, since the conditions he allegedly experienced in August 2015 were not replicated during either his 2016 transport from Florida to North Carolina, or his more recent from North Carolina back to Florida earlier this year, and he suffered no harm whatsoever.

Groover relies on *County of Riverside v. McLaughlin* to argue that he has standing. *Riverside v. McLaughlin*, 500 U.S. 44 (1991). However, *Riverside* does not help Groover because unlike the FAC, the *Riverside* complaint contained allegations that supported plaintiffs' standing: "Plaintiffs alleged in their complaint that they were suffering a direct and current injury as a result of this detention, and would continue to suffer that injury until they received the

5

probable cause determination to which they were entitled." *Riverside*, 500 U.S. 44, 51. The same is true for *31 Foster Children v. Bush*, 329 F. 3d 1255, 1266 (11th Cir. 2003) (finding that allegations in the complaint supported the conclusion that future injury would proceed with a high degree of immediacy).

*Church v. City of Huntsville*, 30 F. 3d 1332 (11th Cir. 1994), another case relied on by Groover, is similarly inapposite. In *Church*, the Court held that the four named plaintiffs in the complaint did not sufficiently establish standing to seek an injunction to prevent enforcement of a city ordinance to shut down a private shelter to be used by homeless people. Although the plaintiffs alleged that they had previously resided at a shelter that was shut down, and currently resided at another shelter, there were no allegations that there existed an imminent threat that the homeless shelter where they currently resided was subject to a future enforcement action. The court held that a party only has standing to seek injunctive relief if the party alleges "a real and immediate—as opposed to a merely conjectural or hypothetical—threat of **future** injury." *Church*, 30 F. 3d at 1337. (emphasis in original).

Simply put, neither the FAC nor the initial Complaint contain any allegations, whatsoever, that Plaintiff faces a real and immediate threat of future injury from any alleged conduct of the Defendants. It is not enough for Groover to allege that he is incarcerated and that the Defendants have a policy or procedure that caused him to suffer harm in the past. "[P]ast exposure to illegal conduct does not itself show a present case of controversy for injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *Lyons* at 103.

In considering the threshold issue of Article III standing, the Court properly reviewed only the allegations set forth in the FAC. As explained by the Eleventh Circuit, "[w]hen

analyzing a defendant's 'motion to dismiss we must evaluate standing based on the facts alleged in the complaint, and we may not speculate concerning the existence of standing or piece together support for the plaintiff.'" *Duty Free Americas, Inc. v. Estee Lauder Companies, Inc.,* 797 F. 3d 1248, 1271 (11th Cir. 2015), quoting *Shotz v. Cates*, 256 F. 3d 1077, 1081 (11th Cir. 2001). "Moreover, we have explained that there is an additional element to the injury in fact requirement when a plaintiff seeks injunctive relief. 'Because injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party alleges, and ultimately proves, a real and immediate – as opposed to a merely conjectural or hypothetical – threat of future injury.'" *Duty Free*, 797 F. 3d at 1271 (holding that plaintiff did not have standing for injunctive relief because complaint contained no allegations that it would be injured in the future by defendant's actions, only that it had been injured in the past), quoting *Wooden v. Bd. of Regents of Univ. Sys. Of Ga.,* 247 F. 3d 1262, 1284 (11th Cir. 2001). Similarly here, Plaintiff's FAC is devoid of any allegations that support Plaintiff's standing to bring a claim for injunctive relief. Plaintiff has already been transported and he has not pled any facts demonstrating that he is in a real and immediate threat of experiencing the allegedly unconstitutional conditions of transportation that he claims occurred in August, 2015. Therefore, as a matter of law, Plaintiff does not have standing to seek injunctive relief and the Court should deny Plaintiff's Motion for Reconsideration.

    **II.    Plaintiff's Claim for Injunctive Relief is Moot**

Just as Plaintiff lacks standing, his claim for injunctive relief is similarly moot because there are no allegations in the FAC that he is likely to be transported in the future by PTS. "The mootness doctrine requires that the plaintiff's controversy remain live throughout the litigation;

7

once the controversy ceases to exist, the court must dismiss the case for want of jurisdiction." *Tucker v. Phyfer*, 918 F.2d 1030, 1033 (11th Cir. 1987). In *Tucker*, a mother brought § 1983 claims on behalf of her juvenile son, who was incarcerated at a county jail, seeking damages and injunctive relief for her son and class of inmates. The juvenile sought to represent the proposed class for alleged Eighth and Fourteenth Amendment violations caused by several defendants. However, at the time he moved for class certification, he was no longer incarcerated at the same jail.

The district court denied the motion for class certification as moot and the Eleventh Circuit affirmed, explaining that "[i]n a class action, the claim of the named plaintiff must be live at the time he brings suit and when the district court determines whether to certify the class. If the named plaintiff's claim is not live, the court lacks a justiciable controversy and must dismiss the claim as moot." *Id. See also Wahl v. McIver*, 773 F.2d 1169 (11th Cir. 1985) (prisoner's claims relating to conditions in county jail were rendered moot by his transfer to city correctional institution); *D.L. v. Youth Services International, Inc.*, No. 10-61902-CIV, 2011 WL 13214546 at *4 (S.D. Fla. Mar. 313, 2011) (denying a motion for class certification where the named class plaintiff's claim for injunctive relief became moot during the course of the litigation after being transferred to a different jail).

None of the cases cited by Plaintiff in the Motion for Reconsideration compel a different result. *Reich v. Occupational Safety and Health Review Com'n*, 102 F. 3d 1200, 1201 (11th Cir. 1997), a case dealing with whether a claim for civil penalties under the Occupational Safety and Health Act became moot after the employer ceased doing business, is completely off-point. *Sheely v. MRI Radiology, Network, P.A.*, 505 F.3d 1173, 1177 (11th. Cir. 2007) addresses the

8

factors for the Court to consider when an injunctive relief defendant voluntarily ceases the allegedly offending conduct prior to the Court addressing the merits of the plaintiff's request for injunctive relief. Those factors bear no relation to the question of mootness before this Court, which is that Groover's allegations simply do not support a claim that he is in imminent danger of suffering the allegedly unconstitutional violations of transport that he claims occurred in August 2015.

Groover also relies on *Hunter v. Beshear*, No. 16-cv-798, 2018 WL 564856, *1 (M.D. Ala. Jan. 25, 2018) for the proposition that an exception to the mootness doctrine exists where the class members consist of pretrial detainees, and on *Stein v. Buccaneers Ltd. Partnership*, 772 F. 3d 698, 704-706 (11th Cir. 2014), which holds that the necessary personal stake in a live controversy may sometimes be present even when the named plaintiff's own individual claim has become moot. However, the limited exceptions to the mootness doctrine espoused in those decisions do not help Groover's argument because, as explained above in connection with the standing argument, Groover's individual claims were never properly pled to begin with. The cases cited by Groover presuppose that the plaintiff had standing to begin with, which is not the case here. Even if it were determined that an exception to the mootness doctrine should apply in this case, the initial lack of standing is fatal to Groover's claims in this action.

Based on the foregoing, the Court should deny Plaintiff's Motion for Reconsideration.

                                Respectfully submitted,

By: */s/ Jose R. Riguera*
     D. David Keller (FBN: 288799)
     Jose R. Riguera (FBN: 860905)
     Email: david.keller@kellerlandsberg.com
     Email: jose.riguera@kellerlandsberg.com
     Email: laura.kelly@kellerlandsberg.com
     KELLER LANDSBERG PA
     Broward Financial Centre
     500 East Broward Boulevard, Suite 1400
     Fort Lauderdale, FL 33394
     Telephone:   (954) 761-3550
     Facsimile:   (954) 525-2134
     *Counsel for Defendant,*
     *Prisoner Transportation Services, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **August 24, 2018,** I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all of record in this action.

                                */s/ Jose R. Riguera*
                                Jose R. Riguera