# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE No. 15-cv-61902-BLOOM/Valle

JEFFREY EMIL GROOVER,

    Plaintiff,

vs.

PRISONER TRANSPORTATION SERVICES, LLC
and U.S. CORRECTIONS, LLC.

    Defendants.

_____/

## ORDER GRANTING MOTION FOR RECONSIDERATION

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Reconsideration of Order Granting In Part Defendant Prisoner Transportation Services, LLC'S ("PTS") Motion for Judgment on the Pleadings. ECF No. [164] ("Motion for Reconsideration"). The Court has carefully considered the Motion for Reconsideration, all supporting and opposing filings, the relevant authority, and is otherwise duly advised in the premises. For the reasons that follow, the Motion for Reconsideration is granted.

## I. BACKGROUND

Plaintiff, Jeffrey Emil Groover ("Groover"), filed this action, individually and on behalf of all others similarly situated, against PTS, U.S. Corrections LLC ("USC"), and John Does 1-100 alleging civil rights violations pursuant to 42 U.S.C. § 1983. ECF No. [36]. In the Amended Complaint, Groover, an inmate at the Butner Low Security Federal Correctional Institution in Butner, North Carolina, alleges that between August 14, 2015 and August 16, 2015, USC transported him from Butner, North Carolina to Fort Lauderdale, Florida in a windowless transport van lacking sufficient ventilation and air conditioning. *Id*. at. ¶ 6. Groover claims that

1

he was deprived of sleep, water, and refuge from the heat. *Id*. at ¶ 6. As a result of the purported excessively hot conditions and lack of adequate ventilation in the van, Groover experienced physical, mental, and emotional exhaustion as well as a heat stroke. *Id*. at ¶ 6. According to the Amended Complaint, USC knew of the conditions to which Groover was subjected and failed to take appropriate measures. *Id*. at ¶ 30. Groover also states that numerous other pretrial detainees that USC and PTS transported suffered similar inhumane conditions and harm as a result of their transportation practices. *Id*. at. ¶ 28. Groover alleges that these conditions violate his and other pretrial detainees' Eighth and Fourteenth Amendment rights. *Id*. at ¶ 8.

In Count I, Groover, individually, asserts a claim for a violation of his Eighth and Fourteenth Amendment rights against all Defendants pursuant to 42 U.S.C § 1983. *Id*. at 24. In Count II, Groover, asserts the same claim against Defendants on behalf of the putative class members. *Id*. at 26. Groover seeks an award of damages and injunctive relief. *Id.* at "PRAYER FOR RELIEF."

On July 30, 2018, the Court granted Defendant's Motion for Judgment on the Pleadings as to Groover's request for injunctive relief. ECF No. [156]. The Court concluded that Groover failed to allege that he faces a real and imminent threat of experiencing similar treatment or conditions in the future while being transported from one prison to another. *Id.* at 13-14. The Court stated: "Although Groover's Response argues that such allegations are present in the Amended Complaint, he does not cite to any such allegations and the Court sees none." *Id.* at 14. For that reason, the Court held that Groover failed to demonstrate standing to seek injunctive relief against PTS and that the request for injunctive relief is moot. *Id.*

At issue now is Groover's Motion for Reconsideration. ECF No. [164]. In support of the Motion for Reconsideration, Groover argues that the Court misapplied the law in dismissing his

request for injunctive relief. ECF No. [164] at 4. Groover identifies the following allegation as demonstrating a threat of future harm:

> Because Defendants' official policy, practice, or custom is to transport pretrial detainees and prisoners in conditions that amount to cruel and unusual punishment in violation of the U.S. Constitution, there is a likelihood of future injuries to pretrial detainees and prisoners including members of the proposed class. Accordingly, plaintiffs seek an order declaring unlawful Defendants' policy, practice or custom of transporting pretrial detainees under the conditions described above and enjoining Defendants from engaging in this conduct in the future.

*Id.* (citing ECF No. [36] at ¶ 9). Groover argues that he has sufficiently alleged a threat of future harm by alleging that USC and PTS instituted systematic and ongoing unconstitutional policies and that Plaintiff and all members of the proposed class are involuntary members of the group of people exposed to that policy. *Id.* at 7-11. In addition, Groover argues that his request for injunctive relief is not moot for the same reasons, and even if Groover's individual claim were moot, the claims of the proposed class members, as pre-trial detainees, fall within the "capable of repetition, yet evading review" exception to mootness. *Id.* at 12-13.

In response, PTS argues that Groover lacks Article III standing for injunctive relief because he has failed to allege that he faces a real and imminent threat of experiencing similar treatment when being transported from one prison to another in the future. ECF No. [179] at 3. PTS insists that Groover's allegations concern only past conduct and past events. *Id.* at 4. PTS further argues that Groover's injunctive relief claim is moot for those same reasons, and that the "capable of repetition, yet evading review" exception does not apply to the claims of the proposed class members because Groover's individual claims were never properly pled. *Id.* at 7-9.

The Motion for Reconsideration is now ripe for adjudication.

## II. STANDARD

Groover seeks reconsideration of the dismissal of his request for injunctive relief pursuant to Fed. R. Civ. P. 54(b). "Courts have delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Williams v. Cruise Ships Catering & Serv. Int'l, N.V.*, 320 F. Supp. 2d 1347, 1357–58 (S.D. Fla. 2004) (citing *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994)); s*ee also Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002) ("[T]here are three major grounds which justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice"). "[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Wendy's Int'l, Inc. v. Nu–Cape Const.*, Inc., 169 F.R.D. 680, 685 (M.D. Fla. 1996); *see also Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1290 (S.D. Fla. 2012) ("A motion for reconsideration is an extraordinary remedy to be employed sparingly.") (citation omitted).

"Motions for reconsideration are appropriate where, for example, the Court has patently misunderstood a party." *Compania de Elaborados de Cafe v. Cardinal Capital Mgmt., Inc.*, 401 F.Supp.2d 1270, 1283 (S.D. Fla. 2003). But a "motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992). "[T]he movant must do more than simply restate his or her previous arguments, and any arguments the movant failed to raise in the earlier motion will be deemed waived." *Compania*,

401 F. Supp. 2d at 1283. Simply put, a party cannot use a motion for reconsideration "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005).

## III. DISCUSSION

### A. Article III Standing

Article III standing is assessed "at the outset of the litigation." *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1275 (11th Cir. 2003) (citation omitted). Although Groover's Response to the Motion for Judgment on the Pleadings, ECF No. 71 ("Groover's Response"), failed to cite to any allegations that he faced an imminent threat of harm at the outset of the litigation, Paragraph 9 of the Amended Complaint sufficiently alleges the threat of imminent harm to Groover. Therein Groover alleges that as a result of Defendants' policy and practice with respect to transporting pretrial detainees and prisoners in conditions that amount to cruel and unusual punishment, "there is a likelihood of future injuries to pretrial detainees and prisoners including members of the proposed class." ECF No. [36] at ¶ 9. This allegation applies to Groover, as a member of the proposed class. The Court erred in construing this allegation too narrowly.

Having now concluded that Groover has alleged a threat of future harm to himself due to Defendants' policy and practice with respect to transporting pretrial detainees and prisoners, the Court holds that Groover has Article III standing to seek injunctive relief. Accepting the allegations in the Amended Complaint as true, the challenged actions were the result of Defendants' policy. Moreover, Groover is an involuntary member of a specific group potentially subject to that policy. As a result, Groover "cannot avoid exposure to [Defendants'] challenged

conduct" and the alleged practice "presents a substantial likelihood that the alleged injury will occur." *31 Foster Children v. Bush*, 329 F.3d 1255, 1266 (11th Cir. 2003); *see also Church v. City of Huntsville*, 30 F.3d 1332, 1338 (11th Cir. 1994) (noting that plaintiffs "are homeless involuntarily," and concluding that because of the "involuntary nature of their condition, the plaintiffs cannot avoid future exposure to the challenged course of conduct" (internal quotations omitted)).

Consistent with the Eleventh Circuit's decisions in *31 Foster Children* and *Church*, the Court finds that this case is distinguishable from *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983). In *Lyons*, the plaintiff alleged to have been illegally choked by a police officer at a traffic stop. *Id.* at 97. Plaintiff sought preliminary and permanent injunctive relief against the City of Los Angeles barring the use of chokeholds absent the threat of immediate use of deadly force. *Id.* at 98. The plaintiff did not allege that he would have another encounter with the police in the future or that all police officers always choke any citizen with whom they happen to encounter or that the city ordered or authorized police officers to act in such a manner. *Id.* at 105-06. In contrast, Groover alleges that the constitutionally objectionable practice is Defendants' "official policy, practice, or custom." ECF No. [36] at ¶ 9. Moreover, at least at the time the Complaint was filed, Groover was at risk of being subjected to those same alleged conditions in the future. *Id.*

**B. Mootness**

A request for injunctive relief is moot only if: "(1) it can be said with assurance that there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Reich v. Occupational Safety and Health Review Com'n*, 102 F.2d 1200, 1201 (11th Cir. 1993) (quoting

*County of Los Angeles v. Davis*, 440 U.S. 625 (1979)). For the same reasons as explained above, and with the benefit of now being directed to the allegation of a threat of future harm to Groover in the Amended Complaint, Groover's request for injunctive relief as to his individual claim is not moot.

Even if Groover's request for injunctive relief as to his individual claim were moot, the class claims would remain live under the "capable of repetition, yet evading review" exception to mootness. The Supreme Court has applied the exception to pretrial detainees:

> Pretrial detention is by nature temporary, and it is most unlikely that any given individual could have his constitutional claim decided on appeal before he is either released or convicted. The individual could nonetheless suffer repeated deprivations, and it is certain that other persons similarly situated will be detained under the allegedly unconstitutional procedures. The claim, in short, is one that is distinctly 'capable of repetition, yet evading review.'

*Gerstein v. Pugh*, 420 U.S. 103, 111 n.11 (1975). Here too, "any given pretrial detainee might not remain in custody long enough for a district judge to certify the class and the 'constant existence' of class members suffering the deprivation is certain." *Hunter v. Beshear*, 2018 WL 564856, at n.1 (M.D. Ala. 2018) (citing *Gerstein*, 420 U.S. 103, 111 n.11); *see also Cty. Of Riverside v. McLaughlin*, 500 U.S. 44, 51-52 (1991) (finding claims of pretrial detainees not moot even though named plaintiffs' claims had been rendered moot prior to class certification).

Groover's failed to raise this argument in his Response. This failure, as well as the failure to cite to any allegation in his 28-page Amended Complaint of a threat of future harm, has resulted in an increased burden on the Court and the parties. However, although Groover waived the "capable of repetition, yet evading review" argument for failing to raise it in his Response, *see Compania*, 401 F. Supp. 2d at 1283, the Court need not rely on this exception to mootness in holding that Groover's individual request for injunctive relief is live.

7

## IV. CONCLUSION

For the reasons stated herein, Groover's request for injunctive relief may proceed. It is therefore **ORDERED AND ADJUDGED** that Groover's Motion for Reconsideration, **ECF No. [164]**, is **GRANTED.** The Court's Order, **ECF No. [156]**, is **VACATED** as to Groover's request for injunctive relief**.** Having fully considered Defendant's arguments, Defendant's Motion for Partial Judgment on the Pleadings, **ECF No. [156]**, as to Groover's request for injunctive relief, is **DENIED.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 2nd day of October, 2018.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record