UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-CV-61902-BB

JEFFREY EMIL GROOVER,
individually and on behalf of
all others similarly situated,

        Plaintiff,

v.

U.S. CORRECTIONS, LLC;
PRISONER TRANSPORTATION
SERVICES, LLC; and JOHN DOES
1-100,

        Defendants.
_____/

### PLAINTIFF'S NOTICE OF CORRECTION TO FOOTNOTES FIVE AND SEVEN TO THE MOTION FOR CLASS CERTIFICATION

Plaintiff Jeffrey Emil Groover hereby submits this notice of correction concerning two citations that appear in the fifth and seventh footnotes to the pending Motion for Class Certification (ECF No. 108 at 3 n.5 & 4 n.7).

Footnote five to Plaintiff's Motion for Class Certification contains a string of two citations, the first of which states as follows:

> *See* Fernando Colon, *The Horrible Things I Saw Driving a Van Packed With Prisoners: Dehydrated, hungry prisoners defacating on themselves*, The Marshall Project, July 7, 2016, *available at* https://www.themarshallproject.org/2016/07/07/the-horrible-things-i-saw-driving-a-van-packed-with-prisoners (last accessed June 12, 2018) (former U.S. Corrections employee recounting that "[m]y prisoners got sick and threw up on each other all the time. They passed out from heat stroke – the windows barely opened, for security reasons, and the air conditioning was always broken. It got so hot that they would strip down to their underwear[.]")

(*Id.* at 3 n.5 (emphasis added).). Footnote seven to the Motion for Class Certification contains a single citation that states as follows:

> *See also, e.g.*, See Fernando Colon, *The Horrible Things I Saw Driving a Van Packed With Prisoners: Dehydrated, hungry prisoners defacating on themselves*, The Marshall Project, July 7, 2016, available at https://www.themarshallproject.org/2016/07/07/the-horrible-things-i-saw-driving-a-van-packed-with-prisoners (last

>
> accessed June 12, 2018) (former USC driver recounting that "we could only stop [the van] at a secure jail or maybe a local police department," and that, even in emergency situations, "[m]y bosses, they would say in so many words, 'You figure it out, we got to make this happen.' They knew we would keep driving. They knew we would make the deadline.")

(*Id.* at 4 n.7 (emphasis added).)[1]

The preface to the piece published in The Marshall Report that is cited in footnotes five and seven – titled *The Horrible Things I Saw Driving a Van Packed With Prisoners: Dehydrated, hungry prisoners defacating on themselves* – states that Mr. Colon worked for two prisoner transportation companies, USG7, LLC and U.S. Corrections, LLC (the latter of which is a defendant in this litigation), and that he was "tasked with driving prisoner transport vans across America."  *See* Fernando Colon, *The Horrible Things I Saw Driving a Van Packed With Prisoners: Dehydrated, hungry prisoners defacating on themselves*, The Marshall Project, July 7, 2016, *available at* https://www.themarshallproject.org/2016/07/07/the-horrible-things-i-saw-driving-a-van-packed-with-prisoners (last accessed October 19, 2018) ("From 2013 to 2014, Fernando Colon worked as an 'extradition agent' tasked with driving prisoner transport vans across America. He was employed by USG7 and later U.S. Corrections, private extradition companies hired by local sheriffs and police who need a suspect, fugitive, or other prisoner picked up or dropped off in another state. USG7 is now defunct, but U.S. CORRECTIONS, registered in North Carolina, is growing rapidly, transporting over 5,000 prisoners every year.") (footnote omitted, emphasis added)).  Thus, at the time the Motion for Class Certification was filed, and continuing right up until Friday of last week, Plaintiff and his counsel were under the impression that *The Horrible Things I Saw Driving a Van Packed With Prisoners: Dehydrated, hungry prisoners*

---

[1] Plaintiff notes that there is a third citation to *The Horrible Things I Saw Driving a Van Packed With Prisoners: Dehydrated, hungry prisoners defacating on themselves* that appears in the body of page 3 (native pagination) of the Motion for Class Certification (ECF No. 108 at 4).  That citation was made in error.  The block quote attributed to *The Horrible Things I Saw Driving a Van Packed With Prisoners: Dehydrated, hungry prisoners defacating on themselves* on page 3 of the Motion for Class Certification is actually from, and should have been attributed to, another piece published in The Marshall Report, properly cited as follows: Eli Hager, *Inside the Deadly World of Private Prisoner Transport*, The Marshall Project, July 6, 2016, *available at* https://www.themarshallproject.org/2016/07/06/inside-the-deadly-world-of-private-prisoner-transport (last accessed June 12, 2018).  Plaintiff regrets this error and apologizes to the Court and to the Defendants for the oversight.

*defacating on themselves* concerned Mr. Colon's experience driving prisoner transport vans for both USG7, LLC and U.S. Corrections, LLC.[2]

On October 12, 2018, Mr. Colon's deposition was taken in connection with this matter. Mr. Colon stated at his deposition that he only drove prisoner transport vans for USG7, LLC and did not drive any prisoner transport vans for U.S. Corrections, LLC. Mr. Colon stated that he held an office job during his brief period of employment with U.S. Corrections, LLC.

Accordingly, Plaintiff hereby notifies the Court that, contrary to what the first citation appearing in footnote five and the sole citation appearing in footnote seven to the Motion for Class Certification indicate, it now appears that Mr. Colon never drove vans for U.S. Corrections, LLC and thus lacks personal knowledge of the policies or procedures of U.S. Corrections, LLC for transporting detainees in vans or of the conditions of confinement in U.S. Corrections, LLC's vans. Rather, in light of Mr. Colon's recent deposition testimony, it appears that Mr. Colon's knowledge of driving prisoner transport vans (and of the conditions of confinement in such vans) is limited to his experience driving USG7, LLS's vans, as an employee of USG7, LLC. USG7, LLC is not a Defendant in this litigation and Plaintiff does not seek to represent individuals transported by that company in this case. (*See* ECF No. 142 at 2 (proposed class definition).)[3]

---

[2] On October 18, 2018, undersigned counsel for Plaintiff spoke with Erin Jackson, counsel for U.S. Corrections, LLC, concerning this matter. During that call, Ms. Jackson stated that she and her client had, until Mr. Colon's deposition was taken, read the piece published in The Marshall Project the same way as Plaintiff and his counsel had, and were thus until recently also under the impression that Mr. Colon's account published in The Marshall Project purportedly concerned his experience as a driver of prisoner transport vans for both USG7, LLC and U.S. Corrections, LLC.

[3] While the Motion for Class Certification contains two parenthetical citations to *The Horrible Things I Saw Driving a Van Packed With Prisoners: Dehydrated, hungry prisoners defacating on themselves* in footnotes, Plaintiff notes that the Motion for Class Certification does not rely upon and never has relied upon the statements made by Mr. Colon in that piece. The relief requested in the Motion for Class Certification is rooted firmly in the documentary evidence produced by the Defendants in this litigation and the testimony of Mr. Groover and Mr. John Stirling, a former driver for U.S. Corrections (and the driver of the van in which Plaintiff was confined in August 2015), who testified at length about the conditions of confinement in the company's vans and the policies, procedures, and customs of the company.

Dated:  October 19, 2018                        Respectfully submitted,

                                                Hedin Hall llp

                                                By: s/ Frank S. Hedin
                                                FRANK S. HEDIN (SBN 109698)
                                                DAVID W. HALL (pro hac vice)
                                                fhedin@hedinhall.com
                                                dhall@hedinhall.com
                                                1395 Brickell Ave, Suite 900
                                                Miami, Florida 33131
                                                Tel: (305) 357-2107
                                                Fax: (305) 200-8801

                                                *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

    I hereby certify that on October 19, 2018, a true and correct copy of the foregoing was served via e-mail on counsel of record in this action.

                                        /s/ Frank S. Hedin
                                        FRANK S. HEDIN