# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE No. 15-cv-61902-BLOOM/Valle

JEFFREY EMIL GROOVER,

      Plaintiff,

v.

PRISONER TRANSPORTATION SERVICES, LLC
and U.S. CORRECTIONS, LLC.

      Defendants.

_____/

### <u>ORDER</u>

**THIS CAUSE** is before the Court on Pro Bono Counsel's Application for Reimbursement of Litigation Expenses, ECF No. [274] (the "Motion). To date, no response to the Motion has been filed and the deadline to do so has passed. For the reasons stated below, the Motion is granted.

The United States District Court for the Southern District of Florida has set forth a policy for reimbursement of legal expenses in cases handled *pro bono* (hereafter, the "Assistance with Litigation Expenses Policy").[1] The Court's website sets forth the Assistance with Litigation Expenses Policy:

> **General Policy:** The Court encourages members of the Federal Bar to represent parties in civil actions who cannot afford legal counsel, and to bear the costs of that representation where possible. Where resources are limited, counsel who undertake *pro bono* representation at the Court's request may apply for expense reimbursement. Total reimbursement in any case shall not exceed $7,500 absent exceptional circumstances. All approvals and reimbursements will be based on a funds-available basis. Therefore, *there is no guarantee of reimbursement and counsel is urged to use all reasonable means necessary to keep expenses to a minimum.*

---

[1]Assistance with Litigation Expenses (Pro Bono), Volunteer Opportunities & Pro Bono Assistance, U.S. District Court for the Southern District of Florida, https://www.flsd.uscourts.gov/assistance-litigation-expenses-pro-bono (last visited August 21, 2019).

**Reimbursement Process:** Reimbursement normally will be made at the conclusion of the case by Motion. A request for reimbursement should be itemized and submitted to the Judge presiding over the case as a Motion. Once approved by the Judge, the payment authorization must be submitted via email to the Clerk of Court at **FLSD_ProBono@flsd.uscourts.gov**. Interim Requests for Reimbursement will be entertained by Motion prior to the conclusion of the case only on demonstrated need. In that circumstance, expenses should be grouped rather than submitted as individual items piecemeal.

**Return of Funds.** In the event of an award of attorney's fees or costs to pro bono counsel, the Court may order return of any reimbursements from the award. In addition, if any expenses are reimbursed or paid by any source other than the client or the pro bono counsel (for example, paid through settlement), the amount of funds reimbursed under this program will be returned forthwith.

Plaintiff Jeffrey Groover filed his Complaint *pro se* and was granted leave to proceed *in forma pauperis*. ECF Nos. [1] and [4]. Upon the Court referring the case to the District's Volunteer Attorney Program, ECF No. [20], attorney Frank S. Hedin ("Counsel") agreed to represent Mr. Groover on a *pro bono* basis and filed a notice of appearance, ECF No. [28]. Counsel seeks reimbursement of $17,933.43 in expenses relating to his *pro bono* representation of Mr. Groover.

Plaintiff Groover filed his action, individually and on behalf of all others similarly situated, against Prisoner Transportation Services, LLC, U.S. Corrections LLC, and John Does 1-100 alleging civil rights violations pursuant to 42 U.S.C. § 1983. In the Amended Complaint, Groover, an inmate at the Butner Low Security Federal Correctional Institution in Butner, North Carolina, alleged that U.S. Corrections, LLC transported him from Butner, North Carolina to Fort Lauderdale, Florida in a windowless transport van lacking sufficient ventilation and air conditioning. Groover claimed that he was deprived of sleep, water, and refuge from the heat. As a result of the excessively hot conditions and lack of adequate ventilation in the van, Groover experienced physical and emotional injuries. Groover claimed that the Defendants knew of the conditions to which he was subjected and failed to take appropriate measures. Groover alleged that numerous other pretrial detainees transported by the Defendants suffered similar inhumane

conditions and harm as a result of their transportation practices, violating his and other pretrial detainees' Eighth and Fourteenth Amendment rights. Groover thereafter asked the Court to certify the action as a class action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3). The litigation and the record in the case are extensive.

Counsel argues that exceptional circumstances exist warranting reimbursement of expenses exceeding $7,500.00. Counsel volunteered over 1,000 hours of time representing Groover. Counsel took and defended more than 15 depositions, briefed multiple motions with complex legal issues, attended multiple court hearings, traveled regularly to meet with Mr. Groover, and ultimately negotiated a resolution of Groover's claims. Counsel provided excellent and thorough representation in a case that was exceptionally time-consuming. The Court agrees that the nature and scope of the claims in the case and the amount of work performed by Counsel constitute "exceptional circumstances." Accordingly, reimbursement of costs in excess of $7,500.00 is warranted.

Regarding the claimed expenses, Counsel submitted an itemized table of expenses incurred, as required by the Assistance with Litigation Expenses Policy. *See* ECF No. [274-1]. However, the Assistance with Litigation Expenses Policy provides no guidance regarding what claimed expenses may be reimbursed. The caselaw within this District on motions for reimbursement of *pro bono* litigation expenses is limited and does not offer a framework for determining what expenses are reimbursable.

Without the benefit of criteria to determine what constitutes a reimbursable expense, the Court considers the overall purpose of the Assistance with Litigation Expenses Policy. The Assistance with Litigation Expenses Policy does not expressly state its purpose. However, it can easily be surmised that the salient purpose is to assist in the efficient administration of justice and encourage skilled attorneys to volunteer their services to those who are unable to afford them. In

return, expenses are reimbursable so as not to be an insurmountable cost that would otherwise discourage competent counsel. The Assistance with Litigation Expenses Policy does caution that counsel are urged to use all reasonable means necessary to keep expenses to a minimum.

Other districts that have similar programs allowing for reimbursement of *pro bono* counsel's litigation expenses. In those jurisdictions, courts have recognized that such programs encourage attorneys to volunteer *pro bono* services by reducing the potential financial burden of taking on such cases. *See, e.g.*, *Lewis v. City of Albany Police Dep't*, 554 F. Supp. 2d 297, 301 (N.D. N.Y. 2008) ("Reimbursement for expenses encourages attorneys to volunteer for the district's pro bono panel by eliminating the possibility that pro bono appointees will incur out-of-pocket losses should the representation conclude unfavorably."), *aff'd*, 332 F. App'x 641 (2d Cir. 2009); *Gomez v. Hardie*, No. 3:13-CV-00161-ST, 2013 WL 5346703, at *1 (D. Or. Sept. 23, 2013) ("the financial burden to *pro bono* counsel may deter many lawyers from accepting an appointment by the Court [to represent an indigent litigation], especially for sole practitioners or small firms. Therefore, as an inducement to participate in the Pro Bono Program, the Court has authorized reimbursement to *pro bono* counsel for out-of-pocket expenses in some situations."); *McCaa v. Hamilton*, 371 F. Supp. 3d 537, 540 (E.D. Wis. 2019) (explaining the shortage of attorneys volunteering to take cases *pro bono* due to financial costs).

Those principles apply equally to the Southern District of Florida's Assistance with Litigation Expenses Policy. Therefore, to find guidance as to *which* expenses are properly reimbursable, the Court looks to policies in other districts within the Eleventh Circuit. The Middle District of Florida, the Northern District of Florida, and the Northern District of Alabama have each established a plan for *pro bono* representation in civil cases.

The Northern District of Alabama's "Plan for Pro Bono Counsel for Qualified Unrepresented Parties in Civil Cases" states that "Counsel selected pursuant to this Plan may apply

to the Court for reimbursement of reasonable expenses as they are incurred in further of the representation, or at the end of the representation."[2] The plan's only criterion as to the type of expenses that may be reimbursed is that the expenses must be "reasonable."

The Northern District of Florida has established "The Federal Bench and Bar Fund" and sets forth a non-exhaustive list of uses for expenditures from the fund.[3] Pertaining to *pro bono* expenses in civil cases, expenditures are permitted for "Court-approved payment or reimbursement of expenses (e.g., for travel, depositions, copies, records) necessarily and reasonably incurred by court appointed attorneys representing indigents in civil cases."

The Middle District of Florida's "Plan for Pro Bono Representation by Appointment in Civil Cases" (the "Middle District's Plan") provides the most comprehensive and useful framework for determining which claimed expenses are reimbursable.[4] The Middle District's Plan furthers the goal of encouraging attorneys to take on cases on a *pro bono* basis by reducing the possibility that counsel will incur out-of-pocket expenses should the representation conclude unfavorably. The Middle District Plan provides guidance to counsel to use all reasonable means necessary to keep expenses to a minimum. This Court adopts the standards for determining reimbursable expenses from the Middle District's Plan with slight modifications, as set forth below and noted by way of footnotes.

---

[2] Plan for Pro Bono Counsel for Qualified Unrepresented Parties in Civil Cases, https://www.alnd.uscourts.gov/sites/alnd/files/Pro%20Bono%20Plan%20siged%20by%20Chief%20Judge%20Bowdre%20%28adopted%20by%20court%20Nov.%2018%2C%202016%29.pdf (last visited August 21, 2019).

[3] Plan for the Designation of Attorneys to Represent Pro Se, In Forma Pauperis Parties in Civil Cases, http://www.flnd.uscourts.gov/sites/default/files/forms/14%20NDFL%20Final%20Pro%20Bono%20Volunteer%20Plan%20October%201%2C%202014.pdf (last visited August 21, 2019).

[4] Plan for Pro Bono Representation By Appointment in Civil Cases, https://www.flmd.uscourts.gov/sites/flmd/files/forms/mdfl-plan-for-pro-bono-representation-by-appointment-in-civil-cases.pdf.

The Court will reimburse expenses for the preparation and presentation of the case to the extent they are reasonable, necessary, and otherwise recoverable under this plan. The Court will determine the appropriateness of reimbursements on a case-by-case basis. The following expenses **may be** reimbursed:

1. Fees for the attendance of court reporters.

2. Fees for court hearing transcripts.[5]

3. Subpoena and service of process fees.[6]

4. Witness fees.

5. Expenses for deposition transcripts.

6. Expenses for investigation and the fees for an investigator up to $75 an hour.[7]

7. Expenses for an expert.

8. Expenses for travel (limited to lodging expenses and transportation expenses with mileage at the rate for official government travel in effect during the travel).

9. Expenses for an interpreter.

10. Expenses for copying and printing up to $.10 a page unless electronic submission of documents would have sufficed.

11. Expenses for delivery service unless electronic submission of documents would have sufficed.

---

[5] Fees for court hearing transcripts were not explicitly listed as reimbursable in the Middle District's Plan.

[6] Service of process fees were not explicitly listed as reimbursable in the Middle District's Plan.

[7] Expenses for investigation were not explicitly listed as reimbursable in the Middle District's Plan. The Middle District's Plan allows for reimbursement of "Expenses for an investigator up to $75 per hour."

12. Fees for public records, to the extent that they are not otherwise available through discovery.[8]

13. Mediation fees.

14. Preapproved expenses for other items upon demonstrated good cause.

The following expenses **may not be** reimbursed:

1. Expenses for office overhead, including long-distance telephone calls, facsimile transmissions, and secretarial expenses.

2. Computer-assisted research.

3. Expenses not ordinarily billed to a fee-paying client.

4. Expenses recovered through settlement.

5. Expenses not properly documented.

6. Expenses recovered after an award under the United States Code, the Federal Rules of Civil Procedure, any contractual provision, or the like.

7. Expenses awarded against appointed counsel or the party represented by appointed counsel.

8. Any fees incurred prior to *pro bono* counsel's appearance in the case.[9]

9. Any expense associated with an appeal to the United States Court of Appeals for the Eleventh Circuit.

10. Attorney's fees.

Here, Counsel submitted 31 itemized claimed expenses for reimbursement. All of the claimed expenses fall into categories of expenses that may be reimbursed. Specifically, Counsel

---

[8] The Middle District's Plan is silent as to fees for public records.

[9] This provision modifies the excluded expense in the Middle District's Plan of "filing or service-of-process fees already paid," to clarify that counsel may only seek reimbursement for expenses that he or she has incurred.

requests reimbursement of fees for the attendance of court reporters, fees for court hearing transcripts, subpoena and service of process fees, witness fees, expenses for investigation, expenses for an expert, expenses for travel, mediation fees, and fees for public records. Those expenses total $17,933.43. The Court concludes that expenses in the amount $17,933.43 were reasonable and necessary for the preparation of the case and are properly reimbursable to Counsel.

Accordingly, it is **ORDERED AND ADJUGED** as follows:

1. The Motion, **ECF No. [274]**, is **GRANTED**.

2. The Clerk of Court is authorized to disburse payment of $17,933.43 to *pro bono* Counsel as reimbursement for litigation expenses incurred by Counsel in representing the Plaintiff in this action.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 21, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record